CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

FEB 19 2010

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **RICHARD DEGOUT,** <br> **Petitioner,** <br> v. <br><br> **UNITED STATES OF AMERICA,** <br> **Respondent.** | Case No. 7:99-cv-00844 <br> 3:94-CR-00008 <br><br> § 2255 MEMORANDUM OPINION <br><br> By: Hon. James C. Turk <br> Senior United States District Judge |

Petitioner Richard Degout, a federal inmate proceeding pro se, filed a motion for reconsideration, pursuant to Federal Rule of Civil Procedure 60(b)(6), of the order dismissing his prior motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255. After reviewing the Rule 60(b) motion, the court concludes that it is appropriately filed and dismissed as a successive § 2255 motion. See Calderon v. Thompson, 523 U.S. 538, 554 (1998) (stating subject matter of motion determines its status, not its caption).

When a prisoner files a Rule 60(b) motion in a closed case seeking relief from the court's decision denying relief under § 2255, the motion should often be filed and dismissed as a successive § 2255. Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (citing Calderon, 523 U.S. at 553). A Rule 60(b) motion that seeks to add a new ground for relief or attacks the federal court's previous resolution of a claim on the merits is a second or successive § 2255 request. See id. at 532; United States v. Winestock, 340 F. 3d 200, 206 (4th Cir. 2003). Furthermore, "new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." Winestock, 340 F.3d at 207. To allow prisoners to bring new § 2255 claims in a Rule 60(b) motion would circumvent the requirement under § 2255(h) that any subsequent claims first be certified by a court of appeals. Gonzalez, 545 U.S. at 531-32. Cf. Winestock, 340

F. 3d at 207 ("[A] motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.") (emphasis added).

The court entered petitioner's criminal judgment in 1994 for using a firearm while trafficking drugs, conspiring to distribute crack cocaine, intentionally killing another while trafficking drugs, and intimidating a witness, juror, or other person. In his Rule 60(b) motion filed in February 2010, petitioner argues that he seeks relief from the order denying his prior § 2255 motion, entered in May 2002. Specifically, petitioner attacks the court's previous resolution of a claim on the merits because he believes the magistrate judge's decision to "deny the petition in light of counsel's intentional failure to attempt to secure the evidence of the other four material alibi witnesses was not" legally reasonable. (Mot. 6.)

Clearly, the claims petitioner raises in his current motion fall squarely within the class of claims that must be construed and treated as "successive" § 2255 claims. Petitioner attempts to couch his motion as Rule 60 motion by alleging that "[h]e is only challenging the procedural basis, the abuse of discretion which this court's previous decision constitute[s]."[1] (Id. 4.) However, petitioner actually attempts to relitigate matters already decided because he explicitly challenges the adjudication and dismissal of his first petition after the court considered its merits. Therefore, this motion is the type that "attacks the federal court's previous resolution of a claim on the merits," and the court must treat the Rule 60 motion as a successive § 2255 motion. See Gonzalez, 545 U.S. at 531.

---

[1]Petitioner cites Abdur'Rahman v. Bell, 392 F.3d 174 (6th Cir. 2004), as support for his position. However, the Supreme Court vacated and remanded that decision in light of Gonzalez. See Bell v. Abdur' Rahman, 545 U.S. 1151(2005). A decision that was vacated does not bolster petitioner's argument.

2

To pursue his present claims, petitioner must first obtain certification from the Fourth Circuit Court of Appeals to file a successive § 2255 motion. Because he does not present any such certification with his current motion, his successive § 2255 motion must be dismissed, and the court will not reach the merits of the claims. Based upon the court's finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 19th day of February, 2010.

/s/ James C. Turk
Senior United States District Judge